IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK L. HAMILTON,<br><br>  Plaintiff,<br><br>v.<br><br>LOANCARE, LLC,<br><br>  Defendant. | Case No. 1:19-cv-00554<br><br>Honorable Ruben Castillo<br><br>Honorable Mary M. Rowland<br>Magistrate Judge |

**FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, DERRICK L. HAMILTON, individually, and on behalf of all others similarly situated, through counsel, SULAIMAN LAW GROUP, LTD., submitting his first amended complaint against the Defendant, LOANCARE, LLC, alleging and complaining as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. DERRICK L. HAMILTON ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

1

5. LOANCARE, LLC ("Defendant") is a foreign limited liability company with its principal place of business in Virginia Beach, Virginia. Defendant is a national mortgage servicer that services thousands of mortgage loans.

## FACTUAL ALLEGATIONS

6. On January 10, 2013, Plaintiff executed a mortgage (the "Mortgage") in favor of United Security Financial Corp.

7. The Mortgage secured the purchase of real estate located at 148 North Bertram Drive, Yorkville, Illinois 60560 (the "Property").

8. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $124,343.00 ("subject debt").

9. On January 23, 2015, United Security Financial Corp. initiated mortgage foreclosure proceedings against the Property.

10. The subject debt was subsequently transferred to Lenderlive Network, Inc. ("Lenderlive").

11. On January 28, 2015, Plaintiff initiated a bankruptcy case in the Northern District of Illinois by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

12. Simultaneously, Plaintiff filed his Chapter 13 plan. Plaintiff's plan explicitly provided for the subject debt:

> "[Plaintiff] is surrendering [the Property] to LenderLive Network, Inc. in full satisfaction of its claims."

13. On March 27, 2015, the Bankruptcy Court confirmed Plaintiff's January 28, 2015 Chapter 13 Plan.

14. Plaintiff successfully completed plan payments in accordance with Plaintiff's confirmed Chapter 13 plan.

15. On September 8, 2015, Plaintiff was granted a discharge under section 1328(a) of the Bankruptcy Code, thus extinguishing Plaintiff's liability on the subject debt.

16. On April 1, 2016, LenderLive transferred the servicing rights to the subject debt to RoundPoint Mortgage Servicing Corporation ("RoundPoint").

17. On December 16, 2016, the circuit court of Kendall County entered a judgment of foreclosure.

18. On May 2, 2017, RoundPoint transferred the servicing rights to the subject debt to Defendant.

19. Upon information and belief, Defendant received notice of Plaintiff's bankruptcy discharge from its predecessor RoundPoint during the loan onboarding process.

20. At the time Defendant acquired servicing rights, the subject debt was in default.

21. On July 10, 2017, the Property was sold at public sale by the Sheriff of Kendall County, Illinois.

22. On December 13, 2018, Defendant sent a letter addressed to Plaintiff pertaining to the subject debt ("Defendant's letter").

23. Defendant's letter stated, in pertinent part:

> RE: DEFICIENCY WAIVER NOTICE
>
> "After the application of proceeds from the sale of the above listed property to your mortgage loan balance, there remains a deficiency of $49,867.54. The deficiency exceeds the maximum home loan guaranty amount authorized by the United States Department of Veterans Affairs ("VA") for your loan, which is $36,000.00. In accordance with established VA guidelines and regulations, the holder of the deficiency waives its right to

collect the unpaid deficiency balance from you, and neither the VA nor the deficiency holder will pursue you for any portion of the deficiency balance."

*See* Exhibit A.

24. Plaintiff was highly confused and misled by Defendant's letter because he was led to believe that his bankruptcy discharge had no legal effect and that he was liable for the deficiency balance up to the date he received Defendant's letter.

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding the subject debt to Plaintiff.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party and (2) it acquired the subject debt when it was in default.

### Violation of 15 U.S.C. §§ 1692e(2), and e(10)

30. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2)    The false representation of –

        (A)    the character, amount, or legal status of any debt.

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. Defendant's letter is false and misleading because it strongly implies that prior to receiving Defendant's letter, Plaintiff was liable for the deficiency balance that arose after the sale of the Property. However, any liability for a potential deficiency balance was extinguished by Plaintiff's bankruptcy discharge, which was entered on September 8, 2015.

32. Accordingly, Defendant's letter violated §§1692e(2) and e(10) of the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violations pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A.     Numerosity.**

35.     Upon information and belief, Defendant mailed letters containing identical language in Defendant's letter to over 40 consumers residing in the United States that had received a bankruptcy discharge prior to receiving a letter with identical language in Defendant's letter.

36.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**B.     Typicality.**

37.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

38.     Defendant's business records will show that it mailed letters with identical language in Defendant's letter to United States consumers that had received a bankruptcy discharge prior to receiving a letter with identical language in Defendant's letter.

39.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

**C.     Commonality and Predominance.**

40.     There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

41.     These common questions of fact and law are whether Defendant made false and misleading representations regarding the Putative Class members' liability on the deficiency balances arising from the liquidation of the Putative Class members' properties.

42.     These common questions of fact and law are subject to common proof through review of Defendant's business records.

43. These common questions of fact and law are answerable for the entirety of the Putative Class.

44. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.  Superiority and Manageability.**

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation.**

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

51. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

## **CLASS CLAIMS FOR RELIEF**

### Count II:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Defendant violated 15 U.S.C. §§ 1692e(2) and e(10) by making false and misleading representations regarding the Putative Class members' liability on the deficiency balances arising from the liquidation of the Putative Class members' properties. *See* Paragraphs 29-31 above.

54. As set forth above, Plaintiff can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

55. The Putative Class is defined as follows:

> All natural persons residing in the United States of America who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received letter(s) with identical language in Defendant's letter to Plaintiff (c) after obtaining a Chapter 7 or Chapter 13 bankruptcy discharge (d) in a bankruptcy case in which the mortgage loan was discharged.

56. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

57.     Members of the Putative Class will be identified through discovery of Defendant's business records.

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A.  an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;
B.  a finding that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);
C.  an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;
D.  an award of costs of this action, together with reasonable attorneys' fees as determined by this Court;
E.  enjoin Defendant from sending any further correspondences containing identical language as the letter sent to Plaintiff to consumers in an active bankruptcy proceeding; and
F.  an award of such other relief as this Court deems just and proper

**Plaintiff demands trial by jury.**

Dated: April 12, 2019                                  Respectfully Submitted,

**DERRICK L. HAMILTON**

By: /s/ *Joseph S. Davidson*

Joseph S. Davidson, Esq.
Mohammed O. Badwan, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Lombard, Illinois 60148
+1 630-575-8180 (t)
+1 630-575-8188 (f)
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com