**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DERRICK L. HAMILTON,

     Plaintiff,

v.

LOANCARE, LLC,

     Defendant.

Case No. 1:19-cv-00554

Honorable John Z. Lee

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

Derrick Hamilton ("Plaintiff"), by and through his undersigned counsel, responding to Defendant LOANCARE, LLC's ("Defendant") Motion to Reconsider Ruling on Defendant's Motion to Dismiss as follows:

### INTRODUCTION

Seeking to capitalize on the Court's benign misstatement of applicable law and the reassignment of judges after Judge Rowland's promotion and Judge Castillo's retirement, Defendant seeks reconsideration of the Court's ruling denying Defendant's Motion to Dismiss. Unfortunately for Defendant, although the presiding judges have changed, the law remains the same. More importantly, Defendant's contention that the Court committed legal error in its ruling on Defendant's Motion to Dismiss is refuted by the face of the Court's ruling. For the reasons set forth below, Defendant's second bite at the proverbial apple deserves the same fate as its first, denial.

## FACTUAL BACKGROUND

In 2013, Plaintiff executed a mortgage and note in favor of United Security Financial Corp, ("subject loan" or "subject debt") secured by real property located at 148 North Bertram Drive, Yorkville, Illinois 60560 ("subject property"). (Compl. ¶¶6-7.) Plaintiff eventually defaulted on the subject loan and on January 23, 2015, United Security Financial Corp. initiated foreclosure proceedings against the subject property. (Compl. ¶9.) At some point, the subject loan was transferred/assigned to Lenderlive Network, Inc. ("Lenderlive"). (Compl. ¶ 10.)

On January 28, 2015, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. (Compl. ¶11.) In his Chapter 13 Plan, Plaintiff expressed his intention to surrender the subject property to Lenderlive in full satisfaction of its claims. (Compl. ¶12.) On March 27, 2015, the Bankruptcy Court confirmed Plaintiff's Chapter 13 plan, binding Lenderlive to the terms of the plan. (Compl. ¶13.) Plaintiff performed his duties as set forth in his confirmed Chapter 13 Plan and on September 8, 2015, the Bankruptcy Court entered an order granting Plaintiff a discharge ("Discharge Order"), discharging Plaintiff's personal liability on the subject loan. (Compl. ¶¶14-15.) *See* 11 U.S.C. §1328(a) and §524.

On April 1, 2016, LenderLive transferred the servicing rights to the subject loan to RoundPoint Mortgage Servicing Corporation ("RoundPoint"). On December 16, 2016, the circuit court of Kendall County entered a judgment of foreclosure in the foreclosure case. (Compl. ¶17.) On May 2, 2017, RoundPoint transferred the servicing rights to the subject debt to Defendant. (Compl. ¶18.)  On July 10, 2017, the subject property was sold at public sale by the Sheriff of Kendall County.  (Compl. ¶21.)

On December 13, 2018, over 17 months after the sale of the subject property, Defendant sent a letter addressed to Plaintiff pertaining to the subject debt ("Defendant's communication"). Defendant's communication stated in pertinent part:

> After the application of proceeds from the sale of the above listed property to your mortgage loan balance, **there remains a deficiency of $49,867.54**. The deficiency exceeds the maximum home loan guaranty amount authorized by the United States Department of Veterans Affairs ("VA") for your loan, which is $36,000.00. In accordance with established VA guidelines and regulations, the holder of the deficiency waives its right to collect the unpaid deficiency balance from you, and neither the VA nor the deficiency holder will pursue you for any portion of the deficiency balance. (emphasis added)

> ******

> **TO THE EXTENT THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) IS APPLICABLE, PLEASE BE ADVISED THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.** (emphasis in original)

## LEGAL STANDARD

"A 'motion to reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship. v. Wal-Mart Stores,* 29 Fed. Appx. 382, 384 (7th Cir. 2002). "A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)." *Id.* "Because a denial of a motion to dismiss is not a final judgment, a motion to reconsider that decision does not technically fall under Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments." *Goldman v. Gagnard,* 2012 U.S. Dist. LEXIS 87226, at *6 (N.D. Ill. 2012). "Nor does it fall within the language of Rule 60(b), which provides a procedure for seeking relief from a final judgment, order, or proceeding." *Id.* "Nonetheless, courts in this district have contemplated motions to reconsider interlocutory orders under Rule 54(b), common law, or the court's inherent

3

authority." *Id.* Federal Rule of Civil Procedure 54(b) provides that an interlocutory order "may be revised at any time before the entry of a final judgment adjudicating all claims and all parties' rights and liabilities." Fed. R. Civ. P. 54(b). Rule 54(b) is the proper vehicle for a motion to reconsider an interlocutory order. *Young v. Murphy,* 161 F.R.D. 61, 62 (N.D. Ill. 1995).

"The problems warranting a grant of a motion to reconsider are rare." *Villanueva v. Davis Bancorp, Inc.,* 2011 U.S. Dist. LEXIS 103473, at *1 (N.D. Ill. 2011) *citing Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). "The Seventh Circuit teaches that a motion to reconsider is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Ramada Franchise Sys. v. Royal Vale Hospitality of Cincinnati, Inc.,* 2004 U.S. Dist. LEXIS 24036, at *12 (N.D. Ill. 2004) *citing Bank of Waunakee,* 906 F.2d at 1191.

"A motion for reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence." *Sikora v. AFD Indus., Inc.,* 18 F. Supp. 2d 841, 844 (N.D. Ill. 1998) *citing Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

"Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court." *United States ex rel. Koch v. Sternes,* 2002 U.S. Dist. LEXIS 23409, at *2-3 (N.D. Ill. 2002); *see also Sikora,* 18 F. Supp. 2d at 844 ("Reconsideration is not an appropriate

forum for rehashing previously rejected arguments.") "Motions to reconsider that merely take umbrage with the court's ruling and rehash old arguments, and do not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent, are properly rejected by the court." *Ammons v. Cook County*, 2012 U.S. Dist. LEXIS 85818, at \*5-6 (N.D. Ill. 2012).

## ARGUMENT

### I. The Court Applied the Proper Standard in Assessing Defendant's Communication

Defendant contends that the Court erred in finding that the Defendant's communication was a communication in connection with the collection of a debt. Specifically, Defendant contends that the Court made an error of law by assessing the purpose of the communication through the application of the "reasonable consumer" standard instead of the "objective" standard adopted by the Seventh Circuit in *Ruth v. Triumph P'Ships,* 577 F.3d 790, 798 (7th Cir. 2009). (Def. Mot. pg. 9). Plaintiff does not dispute that *Ruth* held that "whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact" and that the standard set forth in *Ruth* is binding on this Court. *Id.* Unfortunately for Defendant, its contention that the Court applied the wrong standard is belied by the plain text of the Court's ruling, which demonstrates that the Court's analysis included the very same application of the standard that Defendant contends the Court failed to apply. Specifically, the Court's analysis expressly stated:

> Whether a communication was sent in connection with the collection of a debt is "commonsense inquiry," *Gburek,* 614 F.3d at 385, and **"a question of objective fact, to be proven like any other fact." *Ruth v. Triumph Partnerships,* 577 F.3d 790, 798 (7th Cir. 2009)**. While there is no "bright-line rule" to determine whether a communication from a debt collector was made in connection with the collection of a debt, the Seventh Circuit identified three factors courts should consider: 1) "the absence of a demand for payment"; 2) "[t]he nature of the parties' relationship"; and 3) "the purpose and context of the

5

communication—viewed objectively." *Gburek,* 14 F.3d at 384-85. [Dkt. 31, pg. 6] (emphasis added).

As demonstrated by the face of the Court's ruling, the Court assessed Defendant's communication using the proper standard set forth by the Seventh Circuit in *Ruth* and subsequently in *Gburek v. Litton Loan Servicing LP,* 614 F.3d 380 (7th Cir. 2010). In applying the proper standard, the Court correctly concluded that (1) the absence of a demand of payment is not dispositive of whether a communication is in connection with the collection of a debt, and (2) the relationship between Defendant and Plaintiff weighs in favor of applying the FDCPA. Most importantly and pertinent to Defendant's Motion to Reconsider, the Court correctly analyzed the third *Gburek* factor applying the standard set in *Ruth* and held **"the purpose and context of the communications— <u>viewed objectively</u>, also weighs in favor of applying the FDCPA at least at the pleadings stage."** [Dkt. 31, pg. 7] (emphasis added) (internal quotes omitted). As demonstrated by the face of the Court's ruling, the Court applied the correct "objective" standard set forth in *Ruth* in assessing whether Defendant's communication was sent in connection with the collection of a debt. Accordingly, Defendant's contention that the Court failed to apply the proper standard is refuted by the plain text of the Court's ruling and thus must be rejected.

## II. The Court's Ruling, When Read Holistically, Demonstrates that the Court's Passive References to the Incorrect Standard was an Inadvertent Mistake

Defendant contends that the Court substantively applied the wrong standard in its ruling on Defendant's Motion to Dismiss. Defendant's argument is disingenuous as it ignores the Court's ruling when read holistically. As set forth above, the Court expressly applied the correct standard. Plaintiff concedes that the Court's ruling passively referenced the wrong standard on pages 6 and 10 of its ruling. Specifically, page 6 of the Court's ruling stated:

> "Applying the *Gburek* factors to the Waiver Notice at issue here—from the perspective of a reasonable consumer—the Court finds that the amended

6

> complaint plausibly alleges, at least the pleadings stage, that the Waiver Notice
> was sent in connection with the collection of a debt." [Dkt. 31, pg. 6]

Moreover, page 10 of the Court's ruling stated:

> When taken as a whole and construed in the light most favorable to the plaintiffs
> [sic], the Court finds that, from the perspective of a reasonable consumer, the
> amended complaint plausibly alleges that the purpose of the Waiver Notice was
> to collect a debt. [Dkt. 31, pg. 10]

As demonstrated by the face of the Court's ruling, the Court did reference the wrong standard.
However, the Court's passive references to the wrong standard should not negate the Court's
lengthy analysis of the proper standard. Notably, the placement and brief references to the wrong
standard is very probative in determining whether the Court applied the wrong standard.
Specifically, the Court's passive references to the wrong standard were not placed in the heart of
the Court's legal analysis of Defendant's communication. Instead, the Court applied the correct
standard set forth in *Ruth* and *Gburek* in the heart of its application of the law to the facts at hand.
[Dkt. 31, pgs. 6-9]. Had the Court actually applied the wrong standard, it would not have passively
referenced it, but it would have instead expounded on the wrong standard and applied the facts to
the wrong standard. The Court did no such thing and instead conducted a lengthy legal analysis of
the proper standard.  [Dkt. 31, pgs. 6-9]. Simply put, the fact that the Court passively referenced
the incorrect standard after its lengthy assessment of the proper standard provides compelling
evidence that the Court's references to the incorrect standard were a product of an inadvertent
mistake. In other words, it is clear that the Court did not intend nor did it ever substantively apply
the "reasonable consumer" standard in its ruling on Defendant's Motion to Dismiss. Accordingly,
there was no wholesale disregard or misapplication of controlling precedent that would warrant
reconsideration. *See Oto*, 224 F.3d at 606 (7th Cir. 2000) ("wholesale disregard, misapplication,
or failure to recognize controlling precedent" demonstrates a manifest error that warrants

reconsideration). As a result, Defendant has failed to establish that the Court committed a manifest error of law, and thus its Motion to Reconsider must be denied as a matter of law.

## **CONCLUSION**

Defendant patently ignores the substance and plain text of the Court's ruling on Defendant's Motion to Dismiss. The face of the Court's ruling establishes that the Court applied the correct standard in assessing whether Defendant's communication was sent in connection with the collection of a debt. Seeking to capitalize on a change of judges and a seemingly inadvertent mistake in the Court's ruling, Defendant filed a 18-page Motion to Reconsider that does nothing more than improperly rehash arguments that have been previously rejected by the Court. Simply put, Defendant has fallen woefully short of establishing that the Court committed legal error in its ruling on Defendant's Motion to Dismiss. Accordingly, Defendant's Motion to Reconsider must be denied as a matter of law.

Dated: October 16, 2019                                    Respectfully Submitted,


                                                           /s/ Mohammed O. Badwan
                                                           Mohammed O. Badwan, Esq.
                                                           *Counsel for Plaintiff*
                                                           Sulaiman Law Group, Ltd.
                                                           2500 S. Highland Ave., Ste. 200
                                                           Lombard, IL 60148
                                                           Phone (630) 575-8180
                                                           mbadwan@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

       I, Mohammed O. Badwan, an attorney, certify that on October 16, 2019, I caused the foregoing to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

/s/ Mohammed O. Badwan