**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DERRICK L. HAMILTON,

    Plaintiff,

v.

LOANCARE, LLC,

    Defendant.

Case No. 1:19-cv-00554

Honorable John Z. Lee

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL AND TO**
**ENFORCE WRITTEN DISCOVERY AGREEMENT**

    Derrick Hamilton ("Plaintiff"), by and through his undersigned counsel, responding to Defendant LOANCARE, LLC's ("Defendant") Motion to Compel and to Enforce Written Discovery Agreement ("Defendant's Motion") as follows:

## INTRODUCTION

    Defendant's Motion is par for the course. Anytime Defendant does not get its way, it peppers the Court with voluminous filings.[1] Defendant has taken a rather simple Fair Debt Collection Practices Act ("FDCPA") case and turned it into what it perceives as the case of the century. A cursory review of the docket establishes that Defendant has over litigated this case from its inception (over 100 docket entries in less than two years). Defendant's Motion is the perfect example of its propensity to make a mountain out of a molehill. Specifically, Defendant's *ninety-eight (98) page* Motion (inclusive of nine (9) exhibits), seeks to compel a mere two discovery

---

[1] In an effort to capitalize on the Court's reassignment of judges after Judge Rowland's promotion and Judge Castillo's retirement, Defendant filed a twenty-one (21) page Motion to Reconsider the Court's ruling denying Defendant's Motion to Dismiss [Dkt. 40-41]. This Honorable Court denied the Motion to Reconsider on April 28, 2020. [Dkt. 62]

requests that seek information that is wholly irrelevant to the claims at issue. Remarkably, Defendant only devotes a *single page* of its Motion to substantively address the real issue at stake, the relevance of the information sought. For the reasons stated below, the information sought in Defendant's Motion is wholly immaterial to Plaintiff's claims and should not be compelled.

## RELEVANT BACKGROUND

In order to fully comprehend the absurdity of Defendant's Motion, a quick summary of Plaintiff's claims is necessary to provide context. On April 12, 2019, Plaintiff filed an Amended Complaint [Dkt. 15], on behalf of himself and all others similarly situated, alleging that a letter sent by Defendant to Plaintiff violated the FDCPA. Plaintiff alleges, *inter alia*, that Defendant's letter violated sections 1692e and e(10) of the FDCPA because it falsely claimed the existence of a present deficiency balance arising from a mortgage foreclosure. Plaintiff alleges that Defendant's claim of a present deficiency balance is false and misleading because any deficiency balance was discharged in Plaintiff's bankruptcy.

As demonstrated by the face of Plaintiff's Amended Complaint, this case consists of a rather simple FDCPA claim. Instead of litigating this case in proportion to its complexity, Defendant has made it its mission to unnecessarily overcomplicate this case as demonstrated by its hardball litigation tactics described below. Defendant's abusive litigation tactics have no bounds. The discovery requests at issue serve no purpose other than to harass and intimidate Plaintiff, in hopes that Plaintiff will pack his bags and abandon his claims. Specifically, Defendant's harassing discovery requests include requests for *confidential settlement agreements* from unrelated litigation and the *identities of Plaintiff's current and former employment supervisors and their contact information*.[2] The discovery abuse ends here. Invasive discovery

---

[2] The discovery request pertaining to Plaintiff's supervisors (Def. Mot. Ex. 5. pgs. 1-2) is not at issue because Plaintiff reluctantly provided Defendant with the identities of his current and former supervisors

pertaining to *confidential settlement agreements* and corresponding monetary recoveries have no bearing on whether the letter at issue contains falsities or would mislead the unsophisticated consumer.[3]

## DISCOVERY DISPUTE

The first discovery request at issue is Defendant's Interrogatory No. 7:

> Has Hamilton ever been involved in any civil action, either as a defendant, respondent, or plaintiff, in a court or administrative agency? If so, state: the date, court, and docket number or each action filed; the name of the parties involved and the attorneys representing each party; describe the nature of each such action; the disposition of each such action (including but not limited to settlements) whether or not there was an appeal, and if so, the result thereof, including the name and citation of each case; and the amount of any settlement or judgment obtained in each such case.

Plaintiff's amended response to Interrogatory No. 7 states as follows:

> **RESPONSE:** Plaintiff objects to this Interrogatory in its entirety on the basis that the information sought is wholly immaterial to Plaintiff's claims against Defendant and thus disproportional to the needs of this case. Subject to and without waiving the foregoing objection, Plaintiff states that in addition to the instant case, Plaintiff has been a party in the following civil cases:
>
> a.    *Hamilton et al v. Lenderlive Network, LLC et al*, 16-cv-06783 (N.D. Ill.) (Consumer Rights Litigation). Plaintiff was represented by Mohammed O. Badwan and Joseph D. Davidson of the Sulaiman Law Group, Ltd. The litigation was resolved through a confidential settlement.
>
> b.    *Hamilton et al v. RoundPoint Servicing, LLC et al*, 17-cv-00692 (N.D. Ill.) (Consumer Rights Litigation). Plaintiff was represented by Mohammed O. Badwan and Joseph D. Davidson of the Sulaiman Law Group, Ltd. The litigation was resolved through a confidential settlement.
>
> c.    *Hamilton et al v. LoanCare, LLC et al*, 18-cv-01478 (N.D. Ill.) (Consumer Rights Litigation). Plaintiff was represented by Mohammed O. Badwan of the Sulaiman Law Group, Ltd. The litigation was resolved through a confidential settlement.

---

in a good faith attempt to avoid time consuming motion practice. As demonstrated by Defendant's Motion, Plaintiff's good faith efforts have been reciprocated with additional abusive litigation tactics.
[3] *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 645 (7th Cir. 2009) (in determining whether a collection letter violates the FDCPA, the letter must be viewed through the eyes of the "unsophisticated consumer.")

    d.   *Mid America Mortgage v. Derrick Hamilton et al*, 2014 CH 000381 (Kendall County, IL) (Mortgage Foreclosure). Plaintiff was unrepresented.

    e.   *United Security Financial Corp. v. Derrick L. Hamilton,* 2015 CH 000038 (Kendall County, IL) (Mortgage Foreclosure). Plaintiff was unrepresented.

The second discovery request at issue is Defendant's Document Request No. 7:

> Any documents related to any civil action (at any time) to which Hamilton has been a party, either as a defendant, respondent, or plaintiff, in a court or administrative agency.

> **RESPONSE:** Plaintiff objects to this Request on the basis that the documents sought are wholly immaterial to Plaintiff's claims against Defendant and thus disproportional to the needs of this case. Plaintiff further objects on the basis that the information sought is public record and thus equally accessible to Defendant. Subject to and without waiving the foregoing objection, Plaintiff refers Defendant to Hamilton 000115-000138.

After Plaintiff submitted his response to Document Request No. 7 and amended response to Interrogatory No. 7, the parties held a meet and confer pursuant to Rule 37. At the meet and confer, Defendant's counsel, Charles M. Baum ("Mr. Baum"), repeatedly threatened to file a motion to compel Plaintiff to produce *confidential settlement agreements* from the cases listed in Plaintiff's amended response to Interrogatory No. 7. In response, the undersigned advised Mr. Baum that under no circumstance would Plaintiff voluntarily produce *confidential settlement agreements* and corresponding monetary recoveries because the information is irrelevant to Plaintiff's claims against Defendant and is confidential. After the meet and confer, Mr. Baum sent the undersigned an email stating that he would be filing a motion to compel. (Def. Mot. Ex. 7, pgs. 1-4.) To Defendant's dismay, Plaintiff stood on his responses to the discovery requests at issue. On October 27, 2020, Defendant filed the instant motion.

## LEGAL STANDARD

    Pursuant to Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*." *Deleon-Reyes v. Guevara*, 2020 U.S. Dist. LEXIS 99772, at *11-12 (N.D. Ill. 2020) (emphasis added) *citing* Fed. R. Civ. P. 26(b)(1). Among the considerations relevant to the scope of discovery are "the importance of the discovery in resolving the issues" in the case and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Homeland Ins. Co. v. Health Care Serv. Corp*., 330 F.R.D. 180, 182 (N.D. Ill. 2019) *citing* Fed. R. Civ. P. 26(b)(1). "Nevertheless, 'requested discovery must be tied to the particular claims at issue in the case.'" *Charvat v. Valente*, 82 F. Supp. 3d 713, 716 (N.D. Ill. 2020).

## **ARGUMENT**

### I. **The Information Sought in Defendant's Motion is Not Relevant to Plaintiff's Claims and Defendant's Defenses and Should Not Be Compelled**

Defendant's Motion seeks an ordering compelling Plaintiff to produce *confidential settlement agreements* and disclose confidential monetary recoveries from unrelated previous litigation involving Plaintiff. (Def. Mot. pg. 13). Defendant contends that the information it is seeking is relevant because it would provide information as to (1) Plaintiff's interactions and relationship with loan servicers, lenders and financial institutions and (2) any bias and motive Plaintiff may have against loan servicers. Defendant vaguely contends that the information goes "toward [Plaintiff's] credibility, bias, motive, and *modus operandi.* Remarkably, Defendant fails to explain how the requested information will be relevant to the parties' claims or defenses. Instead, Defendant makes the naked contention that the information goes toward Plaintiff's credibility, bias, motive, and *modus opernadi* without explaining how the confidential settlement

5

agreements and the corresponding monetary recoveries are relevant to Plaintiff's claims or Defendant's defenses. Simply put, information pertaining to Plaintiff's previous litigation clearly has no bearing on whether the letter at issue is false or deceptive under the FDCPA. Even if the requested information was remotely relevant, the Court should not compel Plaintiff to produce the information because the burden of producing the information heavily outweighs the benefit of the information. Specifically, Plaintiff would have to notify all the defendants in the previous cases that the confidential settlement agreements and information regarding the monetary recoveries are being sought and will be produced. Upon notification of the intended disclosure of the confidential information, the defendants in Plaintiff's previous cases will undoubtedly intervene in this case or initiating litigation against Plaintiff to enjoin Plaintiff from disclosing the confidential information. Such result would be unduly burdensome for Plaintiff, the previous litigation defendants, and this Court which would have to address the objections of the previous litigation defendants. Accordingly, there is simply no legal or equitable basis to compel the production of the *confident settlement agreements* and corresponding monetary recoveries from previous unrelated litigation.

Not surprisingly, district courts and appellate courts have consistently held that compelling production of confidential settlement agreements and corresponding monetary recoveries from previous litigation is inappropriate. *See Malone v. Ameren UE*, 646 F.3d 512, 516 (8th Cir. 2011) ("Given the remoteness in time of the prior events, the limited probative value of the proposed discovery, and the potential that discovery could have compromised the confidentiality of the settlement, the district court did not abuse its discretion in concluding that discovery concerning the settlement agreement was not warranted"); *Butta-Brinkman v. FCA Int'l, Ltd.*, 164 F.R.D. 475, 476-77 (N.D. Ill. 1995) (denying a motion to compel production of confidential settlement agreements, reasoning that the public policy favoring settlement makes it inappropriate

6

to compel disclosure except where the information is necessary to the movant's case); *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1441 (N.D. Ill. 1995) ("[A]bsent *special circumstances*, a court should honor confidentialities that are bargained-for elements of settlement agreements") (emphasis added). As the court in *Homeland Ins.* correctly highlighted, "the public policy favoring settlements weighs against compelling production of a confidential settlement agreement, particularly where the agreement has little to no relevance to the litigation." *Homeland Ins. Co*., 330 F.R.D. at 182. Here, as set forth above, Defendant has woefully failed to demonstrate how the *confidential settlement agreements* and corresponding monetary recoveries from Plaintiff's previous cases have any bearing on whether the letter at issue violates the FDCPA. Accordingly, the Court should not compel production of the *confidential settlement agreements* and corresponding monetary recoveries not only because they are wholly irrelevant to the claims at issue but also because compelling the same would violate public policy.

Astonishingly, Defendant did not cite to *any* authority in which a court compelled production of confidential settlement agreements and corresponding monetary recoveries from unrelated litigation, presumably because none exist. Instead, Defendant erroneously relies on *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771 (7th Cir. 2001), which actually *refutes* Defendant's positon. In *Mathis*, a plaintiff sued a car dealership for age and race discrimination. The car dealership sought to introduce into evidence the *existence* of previous lawsuits filed by plaintiff against other car dealerships. The district court disallowed the admission of the *existence* of prior lawsuits at trial and the car dealership appealed the district court's evidentiary ruling. On appeal, the Seventh Circuit upheld the district court's ruling excluding the evidence, finding that the district court's ruling that relevance of the of the evidence was outweighed by prejudice to plaintiff to be reasonable. *Id.* at 776-77. Defendant's reliance on *Mathis* misses the mark by a wide margin

because *Mathis* involved the admissibility of the *existence* of previous lawsuits, not the production of confidential settlement agreements from pervious lawsuits. Here, Plaintiff has disclosed the *existence* of the previous lawsuits and the issue before this court comes in the form of a discovery dispute, not a trial evidentiary issue as in *Mathis*. Accordingly, *Mathis* is clearly distinguishable and Defendant's reliance on it must be rejected.

## II. The Court Should Adjudicate Discovery Disputes on the Merits

Defendant seeks to enforce the undersigned's representation that Plaintiff will respond to the requests at issue "as requested." At the time the agreement was made, Plaintiff had yet to provide *any information* regarding Plaintiff's prior cases sought by Defendant. In a good faith attempt to avoid unnecessary motion practice, the undersigned agreed to amend the response to Interrogatory No. 7 to provide the information sought. Subsequent to the agreement, Plaintiff amended his response to Interrogatory No. 7 and provided all the requested information with the exception of details (confidential monetary recoveries) pertaining to the *disposition* of the cases. The undersigned believed that providing the material information (case number, jurisdiction, type of claim) would appease Mr. Baum. Astonishingly, Mr. Baum was not appeased as demonstrated by his unrelenting requests for the confidential settlement agreements and corresponding monetary recoveries. (Def. Mot. Ex. 7, pgs. 3-4.) Mr. Baum's "gotcha" shenanigans are illustrative of the abusive litigation tactics employed by Mr. Baum in this litigation. As demonstrated by the lengthy communications between the undersigned and Mr. Baum (Def. Mot. Ex. 7), the undersigned made repeated good faith efforts to appease Mr. Baum. (Def. Mot. Ex. 7.) However, Mr. Baum found a bone to pick with everything imaginable as demonstrated by the filing of this Motion, which is flagrantly without merit. It would be patently unjust to compel Plaintiff to produce highly confidential and immaterial information not on the merits but based on an email from the

undersigned that was intended to avoid unnecessary motion practice. As set forth above, Plaintiff provided the vast majority of the information sought in Interrogatory No. 7 despite its patent immateriality. Discovery should be compelled on the merits and not based on "gotcha" games by Mr. Baum. Accordingly, this Court should not compel Plaintiff to produce the requested information as doing so would reward Mr. Baum's abusive litigation tactics.

## **CONCLUSION**

Defendant's Motion was a wasteful exercise and is blatantly devoid of any merit. The information sought by Defendant is wholly immaterial to Plaintiff's claims and should not be compelled. Accordingly, Defendant's Motion should be denied in its entirety.

Dated: November 13, 2020                        Respectfully Submitted,

                                            /s/ *Mohammed O. Badwan*
                                            Mohammed O. Badwan, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd.
                                            2500 S. Highland Ave., Ste. 200
                                            Lombard, IL 60148
                                            Phone (630) 575-8180
                                            mbadwan@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

       I, Mohammed O. Badwan, certify that on November 13, 2020, I caused the foregoing to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

<em><u>/s/ Mohammed O. Badwan</u></em>