UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK L. HAMILTON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LOANCARE, LLC,<br><br>    Defendant. | Case No.1:19-cv-00554<br><br>Honorable John Z. Lee |

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT**

Plaintiff, DERRICK L. HAMILTON, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 33, 34 and 36, propounding the following First Set of Discovery Requests to Defendant, LOANCARE, LLC.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the words and phrases identified below are defined as follows:

1. "Plaintiff" shall mean and refer to Derrick L. Hamilton.

2. "You," "Your," and "Defendant" shall mean and refer to LOANCARE, LLC, and any of its employees, officers, representatives, principals, agents, third party contractors, predecessors, and/or successors.

3. "Subject Loan" shall mean and refer to the mortgage loan once secured by the real property located at 148 North Bertram Drive, Yorkville, Illinois 60560 and serviced by You in the relevant time period as defined below.

4. "Subject Property" shall mean and refer to the real property located at 148 North Bertram Drive, Yorkville, Illinois 60560 that served as the collateral securing the Subject Loan.

5. "Relevant time period" shall mean and refer to January 28, 2015 through the present.

6. "Plaintiff's bankruptcy" shall mean and refer to the bankruptcy proceeding initiated by Plaintiff pursuant to Chapter 13 of the United States Bankruptcy Code on January 28, 2015

in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 15-02779.

7. "Foreclosure Action" shall mean and refer to the judicial foreclosure action relating to the Subject Loan and Subject Property filed in the Circuit Court for the Twenty-Third Judicial District Kendall County – Yorkville, Illinois, Case No. 2014 CH 0381.

8. "Putative class members" shall mean and refer to the individuals that meet the criteria set forth in the class definition as defined in Paragraph 55 of Plaintiff's First Amended Complaint.

9. "Default" shall mean and refer to the failure to make any scheduled payment in full and on time pursuant to the terms of the Subject Loan.

10. The term "oral communication" means and includes any face-to-face conversation, meeting, conference, telephone conversation, telephone conversation, cell-phone conversation, computer conversation, or any one for more of these or related devices.

11. The term "person" or "persons" means and includes all natural persons, public and private corporations, associates, wholly owned affiliates or subsidiary corporations or any other form of a business association, and any other type of entity and the agents, employees, officers, deputies and representatives thereof.

12. "Document" includes, but is not limited to, the original and all drafts or nonidentical copies of writings, drawings, graphs, charts, photographs, letters, e-mails, messages, memoranda, reports, studies, requests for information, responses to requests for information, correspondence, notes, receipts, canceled checks, invoices, written statements, computer records, electronic or videotape recordings, data compilations from which information can be obtained and translated, or any other tangible objects which permanently or semi-permanently record information for later use which are within the possession, custody or control of you or to which you have access.

13. The term "identify" as the following meanings.

    a. In relation to a natural person, the term "identify" means and requires You to provide the person's:

        (i) full name;
        (ii) present and last known address(es);
        (iii) telephone number(s); and
        (iv) e-mail address.

    b. In relation to a business, corporation, partnership, organization, or someone other than a natural person ("business"), the term "identify" means and requires You to provide means to provide the business':

       (i)      full legal name;
       (ii)     fictitious or assumed names by which the business conducts its affairs;
       (iii)    present or last known addresses of the business;
       (iv)    state of incorporation;
       (v)     telephone number(s);
       (vi)    registered agent;
       (vii)   executives;
       (viii)  owners;
       (ix)    partners;
       (x)     shareholders;
       (xi)    insurer;
       (xii)   industry or business type; and
       (xiii)  Your relationship with the business.

  c. To "identify" a document means to provide:

       (i)      the type of document;
       (ii)     the author(s) of the document;
       (iii)    the subject matter of the document;
       (iv)    the date the document was created;
       (v)     the date(s) the document was edited;
       (vi)    the date(s) when any version(s) of the document was/were deleted;
       (vii)   where the document has been sent;
       (viii)  where the document is currently located;
       (ix)    the manner in which the document was sent by the author to other people or businesses;
       (x)     when the document was transmitted to other people or businesses;
       (xi)    the current custodians of the document; and
       (xii)   the recipient(s) of the document.

14. The term "identify" as used herein with respect to or in connection with an "act" requires you to provide:

  a. a description of the act;
  b. the place of the act;
  c. the name of the business, person or persons performing or participating in the act;
  d. the name of the business, person or persons witnessing the act;
  e. the name of the business, person or persons who authorized the act to be performed;
  f. the name of the business, person or persons who approved the act to be performed;
  g. the name of the business, person or persons who ratified or approved the act after the act was committed; and
  h. describe anyone who condoned the act performed.

15. The terms "describe" or "state" as used herein means:

    a.      Describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of law;

    b.      Particularize as to

           i.      Time;
           ii.     Date;
           iii.    Manner; and
           iv.    Place.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory any and all information that might otherwise be construed to be outside of its scope.

17. The terms "concerning," "referring to," and "relating to" and the like mean anything which directly or indirectly concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in the preparation of, appended to, legally, logically, or factually connected with, proves, disproves, or tends to prove or disprove.

18. The term "similar" shall mean having characteristics in common or alike in substance.

19. The term "same" shall mean resembling in every relevant aspect.

20. The term "net worth" shall mean the value of all assets minus liabilities.

21. The use of the singular form of any word includes the plural and vice versa.

22. If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, and the place or places where such information or data is maintained.

23. If any information or document, involved or related to these discovery requests, has been lost, discarded or destroyed, the documents so lost, discarded or destroyed shall be identified as completely as possible, included the following information: author(s); date of creation; subject matter; date of loss, discard or disposal; manner of loss, discard or disposal; person(s) authorizing the discard or disposal; and the person(s) who performed the loss, discard or disposal.

24. These interrogatories, requests to produce, and requests to admit shall be deemed continuing, thus requiring supplemental responses if the Defendant obtains further information between the time of the Defendant's response and the time of trial.

# INTERROGATORIES

1. Identify the date you were first notified of Plaintiff's bankruptcy filing.

   **RESPONSE:**

2. Identify (1) the date You began servicing the Subject Loan and (2) the identity of the predecessor servicer.

   **RESPONSE:**

3. Identify (1) the date you first discovered that the Subject Loan was discharged in bankruptcy and (2) all actions taken by You after discovering that the Subject Loan was discharged in bankruptcy, including the date of each action.

   **RESPONSE:**

4. State the reason You sent Plaintiff the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

   **RESPONSE:**

5. Identify all correspondences You sent to Plaintiff in the relevant time period.

   **RESPONSE:**

6. State whether the Subject Loan was in default and/or past due at the time You began servicing the Subject Loan. If you contend that Subject Loan was current at the time You began servicing the Subject Loan, please state the facts that support your contention.

   **RESPONSE:**

7. If you contend that You are not a "debt collector" as defined by 15 U.S.C. §1692a(6) (with respect to the Subject Loan), please state the factual and legal basis for Your contention.

   **RESPONSE:**

8. State the complete factual and legal basis for Your denials to Paragraphs 31-32 in your Answer to Plaintiff's First Amended Complaint. Your answer should identify all facts, persons, and documents You consulted prior to answering Paragraphs 31-32 of Plaintiff's First Amended Complaint.

**RESPONSE:**

9. Identify all putative class members. In answering this Interrogatory, please provide the name, address, and phone number of each putative class member.

**RESPONSE**:

10. State the number of the putative class members.

**RESPONSE:**

11. Identify all class action lawsuits initiated against You alleging violations of the Fair Debt Collection Practices Act in the last 5 years. Moreover, please identify how the lawsuits were resolved. This Interrogatory does not seek the disclosure of any settlement amounts, but it does require You to identify whether a settlement took place.

**RESPONSE:**

12. State the factual and legal basis for all the affirmative defenses raised in Your answer to Plaintiff's First Amended Complaint [Dkt. 64].

**RESPONSE:**

13. State whether anyone employed by You or associated with You reviewed the language contained in the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint to determine if the language complies with consumer protection statutes, including bankruptcy laws and the Fair Debt Collection Practices Act. If so, please identify the individual and when the individual performed the review.

**RESPONSE:**

14. If You have modified any of the language in your standard "DEFIICIENCY WAIVER NOTICE" similar to the one referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint in the last 2 years, identify (1) all changes made to the language, and (2) the identity of the individual who was consulted and/or participated in the changes and explain why the changes were made.

**RESPONSE:**

15. State your net worth as of the date you submitted Your responses to the instant discovery requests. In answering this Interrogatory, please refer to the definition of the term "net worth" as set forth in Paragraph 20 of the Definitions and Instructions herein.

**RESPONSE:**

16. State your net worth for the calendar years 2018 and 2019. In answering this Interrogatory, please refer to the definition of the term "net worth" as set forth in Paragraph 20 of the Definitions and Instructions herein.

**RESPONSE:**

17. Identify the banking institution(s) that maintains Your bank accounts.

**RESPONSE:**

18. Describe the circumstances that led you to send the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint to Plaintiff.

**RESPONSE:**

19. Identify the owner and/or holder of the Subject Loan (1) at the time you began servicing the Subject Loan and (2) at the time you sent the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

1. All documents relating to Plaintiff and/or the Subject Loan.

**RESPONSE:**

2. All communications between You and the holder(s) of the Subject Loan relating to Plaintiff and/or the Subject Loan.

**RESPONSE:**

3. The contact between You and the holder(s) of the Subject Loan that governs Your servicing of the Subject Loan.

**RESPONSE:**

4. All communications between You and any third party pertaining to the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint or any other "Deficiency Waiver Notice" similar to the one referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

**RESPONSE:**

5. All internal communications (including emails) pertaining to Plaintiff' and/or the Subject Loan.

**RESPONSE:**

6. All communications relating to the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

**RESPONSE:**

7. All internal communications relating to this litigation.

**RESPONSE:**

8. All policies and procedures that support your affirmative defenses.

**RESPONSE:**

9. All your policies and procedures relating to compliance with the Fair Debt Collection Practices Act ("FDCPA").

**RESPONSE:**

10. All your policies and procedures relating to compliance with the bankruptcy discharge injunction.

**RESPONSE:**

11. Your filed tax return for the calendar year 2018.

**RESPONSE:**

12. Your filed tax return for the calendar year 2019.

**RESPONSE**:

13. Your current balance sheet and/or documents disclosing all of your assets and liabilities.

**RESPONSE:**

14. All documents you intend on reviewing or utilizing in preparing your 2020 tax return.

**RESPONSE:**

15. All documents you reviewed or consulted with in preparing your tax returns for the calendar years 2018 and 2019.

**RESPONSE:**

16. All documents that you reviewed or consulted with in determining your net worth

for the calendar years 2018, 2019, and your current net worth.

**RESPONSE:**

17. All documents related to your account receivables as of the date of your submission of your responses to the instant discovery requests.

**RESPONSE:**

18. All documents that reflect your accounts receivables as of the date of your submission of your responses to the instant discovery requests.

**RESPONSE:**

19. All documents related to your liabilities as of the date of your submission of your responses to the instant discovery requests.

**RESPONSE:**

20. All documents that reflect your liabilities as of the date of your submission of your responses to the instant discovery requests.

**RESPONSE:**

21. All banking statements for all bank accounts maintained by you in the last 3 years.

**RESPONSE:**

22. All documents relating to your current net worth.

**RESPONSE:**

23. All documents that reflect your current net worth.

**RESPONSE:**

24. All documents relating to Plaintiff's bankruptcy.

**RESPONSE:**

25. All documents you received from any source pertaining to Plaintiff's bankruptcy.

**RESPONSE:**

26. All documents that support your contention that the Subject Loan was not in default at the time you began serving the Subject Loan. *See* Defendant's Answer to Paragraph 29 of Plaintiff's First Amended Complaint.

27. All documents sent to you by the previous servicer of the Subject Loan upon service transfer of the Subject Loan.

**RESPONSE:**

28. All documents you reviewed or consulted with in answering Plaintiff's interrogatories, requests for production, and requests to admit.

**RESPONSE:**

29. All documents that support all the denials in your Answer to Plaintiff's First Amended Complaint.

**RESPONSE:**

30. All court orders in which you have been found to have violated the bankruptcy discharge injunction in the last 5 years.

**RESPONSE:**

31. All judgments entered against you in the last 5 years for violations of the Fair Debt Collection Practices Act (including summary judgment and offers of judgment).

**RESPONSE:**

32. All Deficiency Waiver Notices sent by You to the putative class members from January 28, 2018 through the present containing language substantially similar to the language contained in the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint. In answering this Request, please refer to the definition of the term "similar" as set

forth in Paragraph 18 of the Definitions and Instructions herein.

**RESPONSE:**

33. Al Deficiency Waiver Notices sent by You to the putative class members from January 28, 2018 through the present containing the same substantive language as the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint. In answering this Request, please refer to the definition of the term "same" as set forth in Paragraph 19 of the Definitions and Instructions herein.

**RESPONSE:**

34. All letters sent by You to the putative class members from January 28, 2018 through the present that in any way resemble the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

**RESPONSE:**

35. All documents establishing that "the holder of the deficiency" waived "its right to collect the unpaid deficiency balance from" Plaintiff. *See* Paragraph 23 of Plaintiff's First Amended Complaint.

**RESPONSE:**

36. All documents establishing that Plaintiff was liable for the deficiency arising from the sale of the Subject Property prior to the holder waiving "its right to collect the unpaid deficiency balance" from Plaintiff.

**RESPONSE:**

37. The "VA guidelines and regulations" referenced in the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

**RESPONSE:**

**REQUESTS TO ADMIT**

1. Admit that You sent Plaintiff the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint.

    **RESPONSE:**

2. Admit that You sent Plaintiff the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint after Plaintiff was granted a bankruptcy discharge.

    **RESPONSE:**

3. Admit that the Subject Loan was discharged in Plaintiff's bankruptcy.

    **RESPONSE:**

4. Admit that Plaintiff's confirmed Chapter 13 plan proposed to surrender the Subject Property.

    **RESPONSE:**

5. Admit that the Subject Property was sold pursuant to a court order entered in the Foreclosure Action.

    **RESPONSE:**

6. Admit that Plaintiff was not liable for any deficiency at the time the Subject Property was sold pursuant to a court order entered in the Foreclosure Action as any potential deficiency was discharged in Plaintiff's bankruptcy.

    **RESPONSE:**

7. Admit that any potential deficiency arising from the sale of the Subject Property was discharged in Plaintiff's bankruptcy.

    **RESPONSE:**

8. Admit that at time you sent Plaintiff the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint, "the holder of the of the deficiency" could not have waived "its right to collect the unpaid deficiency balance" because there was no right to a deficiency by virtue of Plaintiff's bankruptcy discharge.

**RESPONSE:**

9. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint implied that Plaintiff was liable for the "unpaid deficiency balance" until the holder waived "its right to collect the unpaid deficiency balance."

**RESPONSE:**

10. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint stated "there remains a deficiency of $49,867.54."

**RESPONSE:**

11. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint was a communication from you to Plaintiff relating to the Subject Loan.

**RESPONSE:**

12. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint was a communication from you to Plaintiff pertaining to a deficiency balance arising from the sale of the Subject Property.

**RESPONSE:**

13. Admit that you sent the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint in connection with your servicing of the Subject Loan.

**RESPONSE:**

14. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint conveyed information to Plaintiff regarding a "deficiency balance."

**RESPONSE:**

15. Admit that there are more than 30 Putative Class Members.

**RESPONSE:**

16. Admit that there are more than 40 Putative Class Members.

**RESPONSE:**

17. Admit that there are more than 100 Putative Class Members.

**RESPONSE:**

18. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint stated "TO THE EXTENT THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) IS APPLICABLE, PLEASE BE ADVISED THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE."

**RESPONSE**:

19. Admit that the correspondence referenced in Paragraphs 22-23 of Plaintiff's First Amended Complaint was addressed to or intended for "Derrick L. Hamilton."

**RESPONSE:**

20. Admit that the Subject Loan was past due at the time You began servicing the Subject Loan.

**RESPONSE:**

21. Admit that the Subject Loan was in default at the time You began servicing the Subject Loan.

**RESPONSE:**

22. Admit that You acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) with respect to the Subject Loan in the relevant time period.

**RESPONSE:**

23. Admit that You regularly collect debts owed to others.

**RESPONSE:**

24. Admit that You had knowledge of Plaintiff's bankruptcy discharge on December 13, 2018.

**RESPONSE:**

25. Admit that the Subject Property was sold on July 10, 2017 pursuant to a court order entered in the Foreclosure Action.

**RESPONSE:**

26. Admit that the information You received from the predecessor servicer of the Subject Loan upon acquiring servicing rights to the Subject Loan indicated that Plaintiff's liability on the Subject Loan was discharged in bankruptcy.

**RESPONSE:**

27. Admit that your servicing agreement with the holder of the Subject Loan requires you to collect mortgage payments for the Subject Loan.

**RESPONSE:**

28. Admit that You were collecting the Subject Loan on behalf of a third party in the relevant time period.

**RESPONSE:**

Dated: June 15, 2020 Respectfully submitted,

<p style="margin-left: 50%;"><u>*/s/ Mohammed O. Badwan*</u><br>
Mohammed O. Badwan, Esq.<br>
Sulaiman Law Group, Ltd.<br>
*Counsel for Plaintiff*<br>
2500 South Highland Avenue<br>
Suite 200<br>
Lombard, Illinois 60148<br>
630-575-8180<br>
mbadwan@sulaimanlaw.com</p>

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on June 15, 2020, he caused a copy of **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT,** to be served via email on the following attorneys of record:

**Charles M. Baum**
Fidelity National Law Group
10 S. LaSalle Street, Suite 2750
Chicago, Illinois 60603
charles.baum@fnf.com
*Counsel for Loancare, LLC*

/s/ *Mohammed O. Badwan*