IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK L. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 554 |
| v. ) | |
| ) | Judge John Z. Lee |
| LOANCARE, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Derrick Hamilton has filed a motion for class certification. For the reasons set forth below, the motion [95] is denied without prejudice.

### I. Background[1]

On January 10, 2013, Hamilton executed a mortgage and note in favor of United Security Financial Corp. ("United"), secured by real property located in Yorkville, Illinois. Am. Class Action Compl. ¶¶ 6–7, ECF No. 15. Hamilton later defaulted on the debt secured by the mortgage and note, and on January 23, 2015, United initiated foreclosure proceedings on the property. *Id.* ¶ 9. United then transferred the debt to Lenderlive Network, Inc. ("Lenderlive"). *Id.* ¶ 10.

Five days after United initiated foreclosure proceedings, on January 28, 2015, Hamilton filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. *Id.* ¶ 11. In his Chapter 13 plan, Hamilton expressed his intention to surrender the property to Lenderlive in full satisfaction of its claims.

---

[1] The following facts are undisputed for purposes of this motion, unless otherwise noted.

*Id.* ¶ 12. The bankruptcy court confirmed the plan on March 27, 2015, binding Lenderlive to its terms. *Id.* ¶ 13. Hamilton performed his duties as set forth in the plan, and on September 8, 2015, the bankruptcy court entered an order granting him a discharge, including as to his personal liability on the debt. *Id.* ¶¶ 14–15.

In the meantime, on April 1, 2016, while the foreclosure action was still pending in the Circuit Court of Kendall County, Lenderlive transferred the servicing rights to the debt to RoundPoint Mortgage Servicing Corp. ("RoundPoint"). *Id.* ¶ 16. The circuit court entered a judgment of foreclosure on December 16, 2016. *Id.* ¶ 17. RoundPoint then transferred the servicing rights to Defendant LoanCare, LLC ("LoanCare") on May 2, 2017. *Id.* ¶ 18. During the transition, RoundPoint provided LoanCare with notice of Hamilton's bankruptcy discharge. *Id.* ¶ 19. The property was sold at a public sale by the Sheriff of Kendall County on July 10, 2017. *Id.* ¶ 21.

Many months later, on December 13, 2018, LoanCare sent a letter to Hamilton pertaining to the mortgage loan that read as follows:

> After the application of proceeds from the sale of the above listed property to your mortgage loan balance, **there remains a deficiency of $49,867.54**. The deficiency exceeds the maximum home loan guaranty amount authorized by the United States Department of Veterans Affairs ("VA") for your loan, which is $36,000.00.

*Id.* ¶¶ 22–23 (emphasis added). Although Hamilton's complaint is unclear on this point, he tacitly concedes in his reply brief—as he did in responding to LoanCare's motion to dismiss earlier in the case—that the deficiency letter was addressed and sent to his lawyer (the same one representing him now). *See* Def.'s Resp. Opp'n Mot. Class Cert. at 4–5, ECF No. 105; Pl.'s Reply Supp. Mot. Class Cert. at 5–7, ECF No.

2

115; *see also* 8/22/19 Mem. Op. and Order at 11, ECF No. 31 (Rowland, M.J.) (noting Hamilton's same concession in resolving the motion to dismiss).

Hamilton brought this action on January 28, 2019, on behalf of himself and a putative class. *See* Class Action Compl, ECF No. 1. The amended class action complaint alleges that LoanCare violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692e(2) and e(10), by falsely representing in its letter that Hamilton was liable for a deficiency balance following the foreclosure sale of the property, even though it knew or should have known that any such liability had been extinguished by his bankruptcy discharge. *See* Am. Class Action Compl. ¶¶ 29–31, 52.

Hamilton has filed a motion to certify the putative class pursuant to Rules 23(a) and 23(b)(3). He defines the class as:

> All natural persons residing in the United States of America who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received letter(s) with identical language in Defendant's letter to Plaintiff (c) after obtaining a Chapter 7 or Chapter 13 bankruptcy discharge (d) in a bankruptcy case in which the mortgage loan was discharged.

Pl.'s Mot. Class. Cert. ¶ 4, ECF No. 95; *see also* Am. Class Action Compl. ¶ 55.

## II. Discussion

Under Rule 23(a), there are four prerequisites to class certification: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims . . . of the representative parties are typical of the claims . . . of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

3

Once these prerequisites are satisfied, a class action may be maintained under Rule 23(b)(3) if, and only if, "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual class members, and that a class action is superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23," including by "evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Dukes*, 564 U.S. at 350). The named plaintiff bears the burden of establishing each requirement of Rule 23 by a preponderance of the evidence. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012). "Failure to meet any one of the[se] requirements . . . precludes certification of a class." *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993); *see also Dukes*, 564 U.S. at 350–51 (certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied" (cleaned up)).

Here, the basic obstacle to certification is that Hamilton's proposed class definition is too broad. Whereas the class includes anyone who "received" a deficiency letter with identical language to Hamilton's after obtaining a bankruptcy discharge, Pl.'s Mot. Class. Cert. ¶ 4, Hamilton only received his own deficiency letter indirectly because it was addressed and sent to his attorney in the first instance.

4

The distinction between whether a representation challenged under § 1692e was made directly to a debtor or to a debtor's attorney matters. In cases when the debtor is the recipient, the relevant standard is whether the representation would mislead or deceive "an unsophisticated consumer." *Ruth v. Triumph P'ships*, 577 F.3d 780, 799–800 (7th Cir. 2009). "When a case 'involves alleged false representations to a debtor's attorney,'" by contrast, "the Seventh Circuit has found that the relevant inquiry is 'whether a competent attorney, even if he is not a specialist in consumer debt law, would be deceived by' the representation," as then Magistrate Judge Rowland observed in her order denying LoanCare's motion to dismiss.[2] 8/22/19 Mem. Op. and Order at 11, ECF No. 31 (quoting *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016)); *cf. Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 774 (7th Cir. 2007) ("the 'unsophisticated consumer' standpoint is inappropriate for judging communications with lawyers").

Hamilton contends that *Bravo* does not apply and that Judge Rowland erred in concluding otherwise. Relying on *Mehling v. Fullett Rosenlund Anderson PC*, he contends that "where a debtor alleges . . . that the communication was false, as opposed to misleading or deceptive, the 'unsophisticated consumer' standard governs—no matter the targeted recipient." *See* No. 16 C 5921, 2016 WL 7231931, at *4 (N.D. Ill. Dec. 12, 2016) (quoting *Caprel v. Specialized Loan Servicing, Inc.*, No. 15 C 9145, 2016 WL 4678313, at *6 (N.D. Ill. Sept. 7, 2016) (in turn citing *Evory*, 505

---

[2] This case was reassigned to this Court after Judge Rowland was confirmed as a United States District Judge for the Northern District of Illinois and Judge Castillo retired. *See* 8/27/19 Exec. Committee Order, ECF No. 35; 9/30/19 Exec. Committee Order, ECF No. 44.

5

F.3d at 775)). And because Hamilton alleges that the challenged representation in LoanCare's deficiency letter was false, as opposed to merely misleading or deceptive, he asserts that the 'unsophisticated consumer" governs his claim as well.

The Court is unpersuaded. Notably, both *Mehling* and *Caprel* rely on a passage in *Evory* that does not bear the weight they place on it. In *Evory*, the Seventh Circuit consolidated four appeals raising the question (among others) of "[w]hether communications to lawyers are subject to sections 1692d through 1692f." 505 F.3d at 772. The court answered this question in the affirmative, albeit with the qualification that "the standard for determining whether particular conduct violates the statute is different when the conduct is aimed at a lawyer than when it is aimed at a consumer." *Id.* at 774. In particular, the court concluded that "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." *Id.* at 775. In a paragraph on which Hamilton's authorities depend, the court then discussed the case of a false, as opposed to deceptive or misleading, representation, stating that, because a false claim of fact "may be as difficult for a lawyer to see through as a consumer," a representation whose falsity a lawyer "might be unable to discover . . . without an investigation that he might be unable . . . to undertake . . . . would be actionable whether made to the consumer directly, or . . . through his lawyer." *Id.*

Whatever standard *Evory* meant to convey by this hypothetical, the Seventh Circuit appears to have definitively resolved the matter in *Bravo*, which holds that "with regard to 'false, deceptive, or misleading representations' in violation of § 1692

6

of the FDCPA, the standard is . . . whether a competent attorney would be deceived, even if he is not a specialist in consumer law." *See* 812 F.3d at 603. In so stating, the court rejected the argument that "every false statement to an attorney is a *per se* violation of § 1692e" under *Evory*. *Id.* Instead, the court characterized *Evory* as holding that "the 'competent attorney' standard applies regardless of whether a statement is false, misleading or deceptive." *Id.* (citing *Evory*, 505 F.3d at 775). To dispel any doubt, the court noted that the allegations "involve[d] alleged false representations to a debtor's attorney" and proceeded to apply the 'competent attorney' standard, concluding that such a recipient "would . . . not be deceived" by the letters requesting payments on debts that had been settled. *Id.*

To the extent *Mehling* or *Caprel* suggest otherwise, the Court respectfully disagrees with their holdings. Both decisions read too much into *Evory*, which simply does not stand for the proposition that the 'unsophisticated consumer' standard governs any communication alleged to have been false. *Compare Mehling*, 2016 WL 7231931, at *4, *and Caprel*, 2016 WL 4678313, at *6, *with Evory*, 505 F.3d at 775. And *Caprel* failed to reconcile its reading of *Evory* with the contrary teaching of *Bravo*, which the court only cited in an unrelated section of its decision. *See* 2016 WL 4678313, at *7. Although *Mehling* did cite *Bravo* within its discussion of the relevant standard, the court said nothing to explain why that decision—which dealt squarely with alleged false communications—does not apply to false communications.[3] *See* 2016 WL 7231931, at *3. As for Hamilton, he ignores *Bravo* entirely.

---

[3] The Court notes that Judge Castillo (retired), who authored *Mehling*, himself sang a different tune more recently in *Grajny v. Credit Control, LLC*. *See* No. 18 C 2719, 2018 WL

Because the legal standard differs depending on whether the recipient of the false information is a lawyer or a consumer, Hamilton is unable to satisfy several of Rule 23(a)'s prerequisites. To satisfy typicality, the named plaintiff's claims "must have the 'same essential characteristics of the claims of the class at large.'" *McGarvey v. Citibank (S. Dakota) N.A.*, No. 95 C 123, 1995 WL 404866, at *4 (N.D. Ill. July 5, 1995) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). In other words, the claims must "arise[] from the same event or practice or course of conduct" *and* share "the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente*, 713 F.3d at 232). But this is not the case when, due to "an overbroad class definition," proof of the named plaintiff's claims "would not necessarily prove all the proposed class members' claims." *McGarvey*, 1995 WL 404866, at *4.

Moreover, the fact that Hamilton's claim faces a separate standard than those of absent class members who received letters directly raises a problem with adequacy of representation under Rule 23(a)(4) due to the conflict between what each set of claims must establish to prevail. *Cf. Rosario*, 963 F.3d at 1018 ("A class is not fairly and adequately represented if class members have . . . conflicting claims."). In other words, Hamilton cannot adequately represent class members whose claims are subject to a distinct—and even less demanding—legal standard. Hamilton's view that typicality and adequacy or representation are satisfied because the claims all "arise from the *identical conduct* . . . and are brought under the *identical legal theory*"

---

4905019, at *3 (N.D. Ill. Oct. 9, 2018) (citing *Bravo* for the proposition that "a communication to a debtor's attorney" is reviewed under the 'competent attorney' standard).

ignores these critical distinctions by framing the relevant law and facts at too high a level of generality. *See* Pl.'s Reply Supp. Mot. Class Cert. at 7.

It is, of course, "well within the Court's discretion to modify [a] proposed class definition" in order to remove "overbreadth concerns." *Wilson v. City of Evanston*, No. 14 C 8347, 2017 WL 3730817, at *6 (N.D. Ill. Aug. 30, 2017) (Lee, J.). But doing so would not be fruitful at this time because Hamilton points to no evidence showing how many individuals would satisfy a properly narrowed class definition. *Cf.* Pl.'s Mem. Supp. Mot. Class Cert., Ex. A, Def.'s Resp. Pl.'s Interrogs. ¶ 10, ECF No. 96-1 (stating that forty-one individuals meet the proposed overbroad definition, without shedding light on how many had letters sent to an attorney); *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017) ("While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement."). Until Hamilton can demonstrate a sufficient number of individuals whose claims are governed by the same legal standard as his, he cannot establish that a properly narrowed class would meet the numerosity requirement of Rule 23(a).

### III. Conclusion

For the reasons set forth above, Hamilton's motion for class certification is denied without prejudice. Hamilton may renew the motion, subject to a properly narrowed class definition, after LoanCare has disclosed the number of putative members of such a class, which it has promised to do within three business days of this order.

IT IS SO ORDERED.					ENTERED: 9/20/21

					_____
					**John Z. Lee**
					**United States District Judge**