IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK L. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 554 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| LOANCARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Derrick Hamilton filed this suit in 2019, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*. Defendant LoanCare, LLC ("LoanCare") has filed a motion to dismiss Hamilton's suit for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and a motion to sanction Hamilton's attorney under 28 U.S.C. § 1927 for his pursuit of the claims in this case. For the following reasons, the motion to dismiss is granted and the motion for sanctions is denied.

## STATEMENT

**I.  Subject Matter Jurisdiction**

Under Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject-matter jurisdiction, including claims for which the parties lack standing. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999). Article III standing requires the plaintiff to show "that he suffered an injury in fact

. . . [that was] likely caused by the defendant, . . . [and which] would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Article III "injury-in-fact" is a concrete and particularized, actual or imminent invasion of a legally protected interest. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "[I]f the [litigant does] not have standing, the Court is without authority to consider the merits of the action." *Swan v. Bd. of Educ. of City of Chi.*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013).

The bare violation of a statute is not enough to establish an injury in fact. Rather, as relevant here, in order to establish an injury under Article III, "an FDCPA plaintiff must allege in the complaint that 'the violation harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'" *Pennell v. Glob. Tr. Mgmt.*, LLC, 990 F.3d 1041, 1045 (7th Cir. 2021) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). This means that a plaintiff must allege more than just stress and confusion stemming from a defendant's alleged violation of the FDCPA in order to establish injury in fact. *Id*.

But confusion stemming from a defendant's violation of the FDCPA is all that Hamilton alleges in this case. His complaint only claims that he received a "Deficiency Waiver Notice" letter from LoanCare that left him "highly confused and misled." Compl. ¶¶ 25–26, ECF No. 1. Hamilton makes no other allegations to show injury in fact. In other words, his complaint does not establish standing under Article III and this Court cannot adjudicate his claims. What is more, Hamilton

himself agrees that his complaint does not establish injury in fact. *See* Pl.'s Resp. Mot. Dismiss ("Pl.'s Resp.") at 2–3, ECF No. 152. Accordingly, the motion to dismiss is granted.

That being said, Hamilton emphasizes that he "bases [t]his concession that he lacks standing not because he cannot *establish* an injury but on the fact that he did not *allege* sufficient facts in his 2019 complaint to satisfy the *new* Article III standing standard in FDCPA cases recently set by the Seventh Circuit." *Id.* at 3 (emphasis in original). In light of these representations, the Court dismisses this case without prejudice, and gives Hamilton a chance to file an amended complaint by May 31, 2022, in which he alleges facts that establish an injury in fact as defined in this opinion and in line with Seventh Circuit case law. If Hamilton fails to file an amended complaint by May 31, 2022, this dismissal will become with prejudice.

## II. Sanctions

The Court turns next to Defendant's motion for sanctions. An attorney can be sanctioned under 28 U.S.C. § 1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions can be awarded under § 1927 "if the attorney 'has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice . . . or where a claim [is] without a plausible legal or factual basis and lacking in justification.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708

3

(7th Cir. 2014) (alterations in original) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)). Section 1927 "'impose[s] a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Dahnke v. Teamsters Loc. 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990)).

Based on the representations to this Court in Hamilton's response brief, LoanCare's claims of sanctionable behavior may be cured by an amended complaint more clearly alleging injury in fact. If, as Hamilton's response suggests, he can establish injury in fact, then an amended complaint will shed light on whether Hamilton's counsel acted "without a plausible legal or factual basis and lacking in justification." Accordingly, LoanCare's motion for sanctions is stricken without prejudice pending the filing of an amended complaint. LoanCare may revive its motion after the May 31, 2022 deadline has passed.

**IT IS SO ORDERED.**     ENTERED: 4/26/22

_____
**John Z. Lee**
**United States District Judge**