IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK L. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-00554 |
| | ) | |
| v. | ) | Honorable John Z. Lee |
| | ) | |
| LOANCARE, LLC, | ) | Honorable Susan E. Cox |
| | ) | Magistrate Judge |
| Defendant. | ) | |

**LOANCARE, LLC'S MOTION TO EXTEND DATE FOR
"WITH PREJUDICE" DISMISSAL TO ALLOW PARTIES
ADDITIONAL TIME TO FINALIZE SETTLEMENT**

Defendant LoanCare, LLC ("LoanCare"), by its attorney Charles M. Baum, files its Motion to Extend Date for "With Prejudice" Dismissal to Allow Parties Additional Time to Finalize Settlement, as follows:

1. On April 26, 2022, this Court ruled on LoanCare's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 146), dismissing the case without prejudice and giving Plaintiff an opportunity to file an amended complaint by May 31, 2022, and ordering that if Plaintiff failed to do so, the dismissal would become "with prejudice." (Doc. 157.)

2. The Court's order also provided that Plaintiff can only cure LoanCare's claims of sanctionable behavior by filing an amended complaint properly alleging an injury in fact. *Id*. The Court thus struck LoanCare's motion for sanctions without prejudice, noting that LoanCare may revive this motion in the event Plaintiff does not so amend by May 31, 2022. *Id*.

3. On May 27, 2022, Plaintiff and LoanCare reached an agreement in principle settling the matter, via written email communications as to material terms, which settlement was

1

to be memorialized in a written settlement agreement agreeable to the parties.

4. As such, rather than Plaintiff filing an amended complaint and without LoanCare reviving its motion for sanctions, Plaintiff filed a Notice of Settlement on May 31, 2022 which anticipated completing dismissal and filing a stipulation of dismissal within 30 days. (Doc. 163.)

5. On June 1, 2022, based on the settlement, this Court dismissed this case without prejudice, noting that the dismissal will convert to "with prejudice" on July 1, 2022. (Doc. 164.) This order, presumably based on the assumption that the parties would finalize their settlement in 30 days as reported in the filed Notice of Settlement, did not provide that LoanCare may revive its motion for sanctions in the event of a dismissal with prejudice, as was permitted by the Court's prior order on the motion for sanctions. *Id*.

6. On June 8, 2022, counsel for LoanCare sent to Plaintiff's counsel a proposed Release and Settlement Agreement for review and comment.

7. As of the date of this motion, Plaintiff has neither executed the settlement agreement nor responded with any edits.

8. LoanCare files this motion to preserve its right to revive its motion for sanctions, which the Court explicitly reserved LoanCare's right to do in the event of a dismissal with prejudice (then, in the event that Plaintiff did not amend his complaint by the court-ordered deadline of May 31, 2022).

9. LoanCare requests an extension to August 12, 2022 for the date on which the Court's dismissal would convert to "with prejudice."

10. In the event LoanCare's files of a notice subsequent to August 12, 2022 indicating that the contemplated settlement was never finalized, LoanCare further requests an order that LoanCare's fully-briefed Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (as included in Doc.

2

146) is revived and shall proceed to ruling.

11. As this Court specifically ruled on April 26, 2022 that LoanCare may revive its sanctions motion in the event of a dismissal with prejudice based on Plaintiff's failure to amend its complaint by May 31, 2022, and Plaintiff has not amended, a dismissal with prejudice based on passage of time after the reported settlement should not diminish LoanCare's right to proceed on its motion for sanctions in the event no settlement is finalized. Otherwise stated, Plaintiff should not be able to avoid LoanCare's sanctions motion by promising settlement in principle and then failing to finalize settlement.

WHEREFORE, Defendant LoanCare, LLC respectfully requests that this Honorable Court:

A. Extend to August 12, 2022 the date on which the Court's dismissal would convert to "with prejudice" without further order;

B. Upon LoanCare's filing of a notice subsequent to August 12, 2022 indicating that the contemplated settlement was never finalized, order that LoanCare's fully-briefed Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (as included in Doc. 146) is revived and shall proceed to ruling; and

C. Order any other relief it deems appropriate.

Charles M. Baum (6226607)  
Fidelity National Law Group  
10 S. LaSalle St., Suite 2750  
Chicago, IL 60603  
T: (312) 223-2540  
E: charles.baum@fnf.com  
Atty No. (IL)

Respectfully, submitted,

LoanCare, LLC

By: /s/ Charles M. Baum  
       Its Attorney

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 30, 2022, I electronically filed the foregoing LoanCare, LLC's Motion to Extend Date for "With Prejudice" Dismissal to Allow Parties Additional Time to Finalize Settlement with the Clerk of the Court using the CM/ECF system, which sends electronic notification to all registered participants of such filings to all attorneys of record.

                                              /s/ *Charles M. Baum*